UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DEFED BANZI,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>BRENT FLUKE, RICHARD A SOMMERS, JUDGE; CHRISTY SERR, ATTORNEY - D.A.; AND  ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>　　　　　　sRespondent. | 4:21-CV-04207-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is pending before the court pursuant to the *pro se* petition pursuant to 28 U.S.C. § 2254 of Defed Banzi, a person incarcerated pursuant to a judgment of a South Dakota state court.  See Docket No. 1.  After screening Mr. Banzi's petition, the court issued an order to show cause why his petition should not be dismissed on grounds of untimeliness and failure to exhaust his claims in state court.  See Docket No. 7.

Now pending is a motion to dismiss Mr. Banzi's petition without holding an evidentiary hearing by respondent.  See Docket No. 11.  Mr. Banzi has not responded to the motion to dismiss and the time for doing so has now passed. This matter has been referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district court judge.

**FACTS**

Mr. Banzi was charged with aggravated assault domestic by choking and two counts of simple assault in state court on March 18, 2019.  See Docket No. 12-1.  Counsel was appointed to represent Mr. Banzi and on August 26, 2019, he entered into a plea agreement.  Docket No. 12-2.

Under the terms of that agreement, Mr. Banzi agreed to enter an "Alford" plea to aggravated assault.  Id. at p. 2.  Upon the state court's acceptance of that plea, the prosecution agreed to drop the other charges.  Id.  The agreement stated that Mr. Banzi was maintaining his innocence, but that he would not object to the factual basis provided by the state in support of the plea.  Id.

No transcript of the change of plea hearing or the sentencing hearing is present in the state court files.  However, the judgment of conviction recites the fact that the court found a factual basis for Mr. Banzi's plea.  Docket No. 12-3 at p. 1.  On October 9, 2019, Mr. Banzi was sentenced to 15 years' incarceration with five of those years suspended.  Id.

Mr. Banzi neither filed a direct appeal of his conviction and sentence nor did he file a habeas petition or other post-conviction pleading in state court.  He filed his federal habeas petition with this court on November 29, 2021.  Docket No. 1.  Respondent now moves to dismiss Mr. Banzi's petition on the grounds that it is time-barred and that he has procedurally defaulted his claims.  Docket No. 11.  As indicated previously, Mr. Banzi did not respond to this motion and the time for doing so expired some weeks ago.

**DISCUSSION**

**A.     Scope of a § 2254 Petition**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) constrains federal courts to exercise only a "limited and deferential review of underlying state court decisions." Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06, (2000). A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly. Id. at 411. "Rather, that application must also be *unreasonable*." Id. (emphasis added).

The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met. Thatsaphone v. Weber, 137 F.3d 1041, 1045 (8th Cir. 1998); 28 U.S.C. § 2254(e). A federal habeas court must "more than

3

simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair support' in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

**B.     Mr. Banzi's Claims are Untimely**

Petitions pursuant to § 2254 are subject to a one-year statute of limitations which begins to run as soon as the underlying state court conviction becomes final.  See 28 U.S.C. § 2244(d)(A).  A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).  The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days.  Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2).  This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to

4

represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001).  Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805.  Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)).  In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

Here, Mr. Banzi had 30 days in which to file a notice of appeal of his conviction, so his conviction became final 30 days after his judgment of

conviction was filed—on November 8, 2019.  See SDCL § 23A-32-15.  He never filed a state habeas petition, so the statutory tolling available under AEDPA did not apply in his case.  Since Mr. Banzi's AEDPA limitations period began to run on November 8, 2019, and was never statutorily tolled, his AEDPA limitations period expired on November 8, 2020.  It follows, then, that his federal petition is untimely because he did not file it with this court until November 29, 2021.

The one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003).  The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time.  Id.  A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the circumstances.  Holland, 560 U.S. at 649-50.  Equitable tolling represents "an exceedingly narrow window of relief."  Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).

Here, it was Mr. Banzi's burden to demonstrate that grounds exist for equitable tolling of the AEDPA limitations period in his case.  Holland, 560 U.S. at 649.  By failing altogether to respond to the respondent's motion to dismiss, he fails to carry that burden.  The court recommends dismissing Mr. Banzi's petition as untimely.

6

### C.     Mr. Banzi's Claims are Procedurally Defaulted

AEDPA requires that state prisoners first exhaust each claim in state court before bringing that claim in a federal habeas petition. 28 U.S.C. § 2254(b) & (c). Exhaustion requires that a state prisoner present the exact same claim in state court that is being presented in federal court, and that the state prisoner exhaust each step of the state process from lowest to highest state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 845 (1999); Picard v. Connor, 404 U.S. 270, 276 (1971); Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993); Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992);

If a state prisoner fails altogether to present a claim in state court, or if he fails to present that claim at every court level available to him under the state court system, he has failed to exhaust that claim. Ashker, 5 F.3d at 1179; Smittie v. Lockhart, 843 F.2d 295, 297 (8th Cir. 1988). Here, it is evident Mr. Banzi has failed to exhaust any claim in his federal petition.

Firstly, he never filed a direct appeal, so no claims were exhausted through that avenue. Secondly, he never filed a habeas petition or other collateral attack on his conviction in state court, so no exhaustion was achieved through that avenue either. The court concludes Mr. Banzi's petition is completely unexhausted. O'Sullivan, 526 U.S. at 845 (failure to pursue a claim through a state court's established appellate review process results in an unexhausted claim).

When a state prisoner has failed to exhaust a claim in state court, the federal court must ask whether there is any available avenue for him to return

7

to state court to exhaust that claim. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998); Smittie, 843 F.2d at 297. Here, there is not. Mr. Banzi's conviction became final November 8, 2019, 30 days after he was sentenced. SDCL § 23A-32-15. After that, he had no avenue to appeal. He then had until November 8, 2021--two years after his conviction became final--in which to file a state habeas petition. SDCL § 21-27-3.3. He did not do that either. The time for doing both has passed.

When a state prisoner has failed to exhaust a claim and there is no avenue for him to do so any longer, the claim is procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 731-32, 735 n.1 (1991). When a claim is procedurally defaulted at the state level, the federal court may not consider the claim on its merits unless the state prisoner can (1) demonstrate some cause external to himself prevented him from exhausting and he was prejudiced thereby, or (2) a fundamental miscarriage of justice has occurred. Id. at 750; Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992). To date, the Supreme Court has recognized only a claim of actual innocence as constituting a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 321 (1995).[1] Mr. Banzi, by failing to respond in any way to respondents' motion to dismiss, has failed to carry his burden to demonstrate cause and prejudice or a fundamental miscarriage of justice.

---

[1] A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence. Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997).

Because all of the claims in Mr. Banzi' federal petition are unexhausted and procedurally defaulted, and because he has failed to demonstrate cause and prejudice or actual innocence to excuse his default, this court recommends granting respondents' motion to dismiss his petition with prejudice. Armstrong v. Iowa, 418 F.3d 924, 925, 927 (8th Cir. 2005); Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (holding dismissal on the basis of procedural default is a dismissal with prejudice).

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 11] and dismissing Mr. Banzi's § 2254 petition with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 7th day of February, 2022.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge